IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. FAIRFAX | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-2160 |
| MICHAEL J. ASTRUE ET AL. | : | |

**SURRICK, J.**                                                                   NOVEMBER  18 , 2010

## MEMORANDUM

Presently before the Court are Governor Edward Rendell and the Pennsylvania Office of Vocational Rehabilitation's Motion to Dismiss the Complaint (ECF. No. 20) and Federal Defendants' Motion to Dismiss Plaintiff's Complaint (ECF. No. 21).  For the following reasons, the Motions will be granted.

**I.  BACKGROUND**

Plaintiff acting pro se filed the instant Complaint on May 22, 2009.  The Complaint contains five counts.  Counts I and III seek declaratory judgments citing various statutory and regulatory provisions.  Count IV alleges a conspiracy pursuant to 18 U.S.C. § 371.  Counts II and V assert claims for race and disability discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*.) and the Rehabilitation Act of 1973 (29 U.S.C. § 701 *et seq*.) The Complaint seeks relief for the wrongs that Plaintiff alleges that he has endured as well as reversal of a decision entered by the Equal Employment Opportunity Commission ("EEOC").

The Complaint alleges that on June 5, 2003, the Social Security Administration ("SSA") received a letter from the Pennsylvania Office of Vocational Rehabilitation ("OVR") stating that

Plaintiff, William Lloyd Fairfax, was a disabled employee applying for the position of Legal Administrative Specialist.  (Compl. ¶ 8, ECF No. 3; *see also* Compl. Ex. B.)  This letter certified that Plaintiff has been diagnosed with left leg radicular pain syndrome and was eligible for employment under Schedule A, 5 C.F.R. § 3102(u).[1]  (Compl. ¶¶ 6, 8, 10; *see also* Compl. Ex. B.)  The letter stated, "it is understood that upon completion of two years of satisfactory service, this individual may be converted to competitive service."  (Compl. Ex. B.)  On September 17, 2003, after interviewing for the position, Plaintiff was hired as a probationary employee.  (Compl. ¶ 8.)

After beginning his employment at the SSA, Plaintiff had difficulty understanding the SSA's rules and regulations and was unable to complete his work in a satisfactory manner.  (*Id*. ¶ 15.)  Plaintiff requested a tutor to assist him with his work at SSA for the remainder of the two-year probationary period.  The request was denied.  (*Id*. ¶ 16.)  On or about August 23, 2004, Plaintiff was informed by his supervisor that he was being released from his position at the SSA before his two-year probationary period ended.  (*Id*. ¶¶ 9, 18.)  Plaintiff asked his supervisor if there was another available, less challenging, position at the SSA, and he was informed that there was not.  (*Id*. ¶ 19.)

Plaintiff is an African-American male.  Plaintiff alleges that a co-worker at the SSA, a Caucasian employee without a disability, experienced similar difficulties understanding SSA's rules and regulations and managing his work.  (*Id*. ¶ 15.)  Plaintiff asserts that the Caucasian employee also requested an easier position within the SSA and was provided with such a

---

[1] Federal regulations allow federal agencies to appoint persons with psychiatric and physical disabilities to certain federal positions on a permanent, time-limited or temporary basis under certain conditions.  5 C.F.R. § 213.3102(u).

position.  (*Id*. ¶ 19-2.)[2]

Shortly after this occurred Plaintiff contacted the SSA's Equal Employment Opportunity Officer ("EEO") and initiated an investigation.  (*Id*. ¶ 20.)  Plaintiff was represented by counsel in the administrative proceedings that followed.  Plaintiff alleges that his attorney for the administrative proceedings did not conduct discovery or prepare for trial.  Plaintiff alleges that his attorney convinced him that he had "no chance of winning."  (*Id*. ¶¶ 24-25.)  Consequently, On July 6, 2006, Plaintiff entered into a settlement agreement with the SSA before an administrative hearing was held.  (*Id.*)  Some time thereafter, in contravention of the regulations, Plaintiff filed an appeal with the EEOC.[3]  The appeal alleged that Plaintiff's settlement agreement with the SSA was void because it was entered into under duress caused by a tardy court reporter on the day of his scheduled hearing.  Plaintiff alleged that the fact that the court reporter was late caused him to be anxious which adversely affected his decision-making ability.

---

[2] There are two paragraphs labeled '19' in the Complaint. 19-2 refers to the second paragraph labeled as such.

[3] The March 10, 2009 EEOC Decision sets forth the settlement agreement as follows:
The settlement agreement provided, in pertinent part, that:
(1)   The Agency agrees to change its records to reflect that [complainant] voluntarily resigned from, rather than that he was terminated from, his position as a Claims Authorizer Trainee.
(2)   The Agency will offer [complainant] an excepted service appointment to a GS-5, Accounting and Remittance Technician position, or an equivalent, external GS-5 position . . . in Processing Center Operations, as soon as such position is available, but not later than October 1, 2007. Pursuant to the excepted service appointment, [complainant] will serve a two-year trial period.
(3)   The Agency will pay attorney's fees via check in the amount of $1,000 to [complainant's] counsel .
(4)   The Agency will provide a standard, neutral reference should [complainant] apply for other positions at the Agency.

Plaintiff also alleged that the SSA's changing of his healthcare provider from Blue Cross Blue Shield to Keystone Healthcare was a breach of the agreement. (*Id*. ¶ 41; *see also* Compl. Ex. K.) Notwithstanding Plaintiff's failure to comply with the regulations, on March 10, 2009, the EEOC filed a decision rejecting Plaintiff's claims. (Compl. ¶ 41.) The Commission found that Plaintiff's settlement agreement was not signed under duress, that SSA had not breached the settlement agreement, that Plaintiff was represented by counsel throughout the proceedings, and that Plaintiff and his attorney reviewed, understood and accepted the settlement agreement. (*Id.*) Plaintiff's Complaint includes an appeal from the EEOC Decision. (*Id*. ¶ 41.)

Plaintiff's Complaint mentions seemingly unrelated judicial proceedings against the School District of Philadelphia and the Philadelphia Federation of Teachers. (*Id*. ¶¶ 27-32; *see also* Compl. Ex. O.) Plaintiff contends that these past actions are related to his current claims because the SSA's "sole intent [in hiring the Plaintiff] was to nullify the events, actions, and misdeeds of the School District of Philadelphia by using OVR to bring Plaintiff into the 'Agency.'"[4] (*Id*. ¶ 36.)

---

[4] The allegations regarding other judicial proceedings include allegations that in 1988, Plaintiff was attacked by a dog while working as a teacher for homebound students in Philadelphia. (Compl. ¶¶ 27-32.) Plaintiff sustained injuries to his leg, hip and back as a result of the incident. He claims that he was coerced into returning to work prematurely by his employer. (*Id.*) Plaintiff's employer also urged him to file a worker's compensation claim, which he claims was improperly administered. (*Id.* at 4.) Plaintiff alleges that he raised various issues of fraudulent and improper actions by his employers regarding his injury and worker's compensation in a civil action in federal court. (*Id.* at 4-8.) Judge Raymond J. Broderick ultimately dismissed Plaintiff's complaint for failure to state a claim. (*Id.* at 19-20.)
 Plaintiff's Complaint alleges also that he previously settled a civil suit arising from the same injury for over $100,000, and issues arose as to whether the insurer had a right of subrogation to this amount. (Compl. Ex. M.) Plaintiff filed suit against his attorney in the worker's compensation matter and obtained a default judgment. (Compl. ¶ 33; *see also* Compl. Ex. F.)
 In addition, Plaintiff claims that OVR and SSA entered into an unlawful criminal

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In *Iqbal*, the Supreme Court set forth a two-part analysis that district courts must conduct when reviewing a complaint challenged under Rule 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (describing *Iqbal*'s two-step inquiry). The district court must first separate "the factual and legal elements of a claim," accepting all well-pleaded facts in the complaint as true but rejecting legal conclusions. *Id.* at 210 (citing *Iqbal*, 129 S. Ct. at 1949); *see also Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]."). The district court must then "determine whether the facts alleged in the complaint are sufficient to show that the Plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 129 S. Ct. at 1950). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *Id.* By contrast, a complaint that demonstrates entitlement to relief through well-pleaded facts will survive a motion to dismiss. *See id.* To survive a motion to dismiss, the well-

---

conspiracy to change his disability status from a physical disability to a psychological disorder by urging him to meet with a psychologist, who ultimately diagnosed him with an anxiety disorder. (*Id*. ¶ 40; Compl. Ex. J.) We fail to see the relationship between claims made 15 or 20 years ago against completely unrelated entities and Plaintiff's discrimination claims against the SSA.

pleaded facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; "a sheer possibility that a defendant has acted unlawfully" does not suffice. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *See McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

### III.   ANALYSIS

Governor Rendell, the Pennsylvania Office of Vocational Rehabilitation ("State Defendants") and the Federal Defendants argue that the Complaint should be dismissed for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted. (Fed. Defs.' Mot. Dismiss, ECF No. 21; State Defs.' Mot. Dismiss, ECF No. 20.) In his Responses, Plaintiff argues that he did in fact exhaust his administrative remedies through the EEOC, and he reiterates his original claims of discrimination, conspiracy and various other allegations. (Pl.'s Resps., ECF No. 24-25.)

#### A.   Count II and Count V - Exhaustion of Administrative Remedies

Plaintiff asserts race and disability discrimination claims under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, in Counts II and V of the Complaint. (Compl. ¶¶ 15-16, 19-20.) The United States is immune from suit unless it consents to being sued. *United States v. Sherwood,* 312 U.S. 584, 586 (1941). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. King,* 395 U.S. 1, 4 (1969) (citing *Sherwood,* 312 U.S. at 585).

Congress has expressly waived sovereign immunity for discrimination claims under Title VII and the Rehabilitation Act.  However, before such claims can be filed, federal employees must exhaust their administrative remedies.  42 U.S.C. §§ 2000e-16(d), 2000e-5(f)-(k); 29 U.S.C. § 794a(a)(1)**;** *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 93-94 (1990); *Casey v. United States Dep't of Treasury*, No. 07-3324, 2007 U.S. Dist. LEXIS 91160 (E.D. Pa. Dec. 11, 2007) ("A federal employee 'must exhaust the administrative process prior to bringing suit.'") (quoting *Freed v. Consol. Rail Corp.*, 201 F.3d 188, 191 (3d Cir. 2000)); *Wilson v. WVM, Inc.*, 475 F.3d 166, 173 (3d Cir. 2007) ("A court need not pass upon the merits of a Plaintiff's substantive claim until it satisfies itself that the claim is properly before it, including determining whether the Plaintiff properly exhausted administrative remedies.").

The Code of Federal Regulations, 29 C.F.R. §§ 1614.105 through 1614.109, set forth the steps that a federal employee must take before filing a lawsuit alleging race or disability discrimination.  These steps are designed to permit the agency to resolve the problem before federal court intervention.  First, the employee must obtain counseling with the agency's EEO.  *Id*. § 1614-105.  Next, the employee must file a written complaint with the EEO.  *Id*. § 1614-106.  Thereafter the EEO will conduct an investigation.  29 C.F.R. § 1614-108.  Finally, the employee may request a hearing before an administrative judge who will issue a final decision.  *Id*. § 1614-109.  Once the employee receives the agency's final decision, the administrative remedies have been exhausted and the employee may proceed to file a lawsuit in district court.  *Id*. § 1614.310.

In the instant case, Plaintiff proceeded through the required administrative steps up to the hearing.  However, Plaintiff settled his claims with the SSA before the hearing and Plaintiff's claims were withdrawn before a final agency decision was issued.  (Compl. ¶¶ 20, 24-25.)

Sometime after entering into the settlement agreement, Plaintiff filed his appeal with the EEOC.

Under the regulations, if the parties enter into a settlement agreement prior to receiving a final agency decision, 29 C.F.R. § 1614.504 applies. Section 1614.504 provides as follows:

> (a) Any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. Final action that has not been the subject of an appeal or civil action shall be binding on the agency. If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.
>
> (b) The agency shall resolve the matter and respond to the complainant, in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement or decision. The complainant may file such an appeal 35 days after he or she has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of his or her receipt of an agency's determination. The complainant must serve a copy of the appeal on the agency and the agency may submit a response to the Commission within 30 days of receiving notice of the appeal.
>
> (c) Prior to rendering its determination, the Commission may request that parties submit whatever additional information or documentation it deems necessary or may direct that an investigation or hearing on the matter be conducted. If the Commission determines that the agency is not in compliance and the noncompliance is not attributable to acts or conduct of the complainant, it may order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased. Allegations that subsequent acts of discrimination violate a settlement agreement shall be processed as separate complaints under § 1614.106 or § 1614.204, as appropriate, rather than under this section.

A review of the record reveals that Plaintiff failed to comply with the requirements of § 1614.504. Initially, Plaintiff failed to comply with § 1614.504(a) when he bypassed the EEO Director and took his complaint directly to the Commission. (*See* Compl. Ex. K.) Section

1614.504(a) requires that "[i]f the complainant believes that the agency has failed to comply with the terms of the settlement agreement or decision, the complainant shall notify the EEO Director, in writing, within 30 days of when the complainant knew or should have known of the alleged noncompliance." Plaintiff did not do this. In addition, Section (a) provides that "[t]he complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." Plaintiff did not request that the terms of the settlement agreement be specifically implemented nor did he request that the EEO Director reinstate his complaint for further processing. Instead, Plaintiff bypassed the EEO Director completely. In doing so he failed to comply with the requirements of § 1614.504(a) and (b) by denying the EEO Director and the SSA the opportunity to attempt to resolve the matter or to reinstate for further proceedings from the point where processing ceased. Because Plaintiff failed to comply with the procedures set forth in 29 C.F.R. § 1614.504, Plaintiff did not properly exhaust his administrative remedies. Accordingly, this Court lacks jurisdiction to hear the claims in Counts II and V of Plaintiff's Complaint.

    **B.    Jurisdiction Over Plaintiff's Appeal From the EEOC Decision of March 10, 2009**

Plaintiff appeals from the EEOC's March 10, 2009 decision. As noted above, the relief available when challenging a settlement agreement is specifically limited under 29 C.F.R. § 1614.504. The regulation does not provide as an option the appeal of a settlement agreement challenge decision to federal court. *See Frahm*, 492 F.3d at 262; *Lindstrom*, 510 F.3d at 1194.

Under 29 C.F.R. § 1614.504, "[t]he complainant may request that the terms of the

settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." A federal employee has only two potential remedies when challenging a settlement agreement under § 1614.504: (1) reinstatement of the administrative process from the point where it previously ceased; or (2) specific enforcement of the settlement agreement. *See Frahm*, 492 F.3d at 262-63; *Lindstrom*, 510 F.3d at 1194; *Palmer v. Salazar*, No. 05-1075, 2009 WL 1144032, at *3-4 (10th Cir. Apr. 29, 2009); *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 727-28 (E.D. Va. 2008). The regulation does not provide federal employees with a third option to challenge the agreement in federal court. Thus, there is no subject matter jurisdiction for such claims. *Palmer*, 2009 WL 1144032, at *4.

In this case, notwithstanding the EEOC's acknowledgment that Plaintiff's appeal was improperly directed to the Commission before notification of the EEO Director in writing, as required by 29 C.F.R.§ 1614.504(a), the EEOC decided to address the matter and issue a decision. (Compl. Ex. K.) ("Nevertheless, we determine that the matters raised by complainant can be adequately addressed by the Commission at this juncture, and exercise our discretion to do so."). The EEOC's Decision found that the settlement agreement was valid and enforceable, that Plaintiff's due process rights had not been violated and that the settlement agreement had not been breached. (*Id.*) Specifically, the EEOC determined that "[c]omplainant has not met his burden of establishing that he was coerced or that any misrepresentations, misinterpretations or mistake occurred." (*Id.*) The Commission rejected Plaintiff's assertion that the agreement was void because it was signed under duress caused by anxiety resulting from a court reporter who was late for the hearing. The Commission noted that the agreement was entered into while Plaintiff was represented by counsel, who reviewed the agreement with him. Finally, the

Commission found that there was no breach of the settlement agreement and that Plaintiff's allegations with regard to his health insurance were outside the scope of the settlement agreement.  While we believe that the Commission should have referred Plaintiff's premature appeal back to the EEO Director for processing, we nevertheless agree with both of the Commission's conclusions.  Plaintiff's suggestion that the agreement was signed under duress because the court reporter was late and he became anxious, adversely affecting his decision making ability, makes little sense.  Plaintiff was represented by counsel through the entire proceeding.  Moreover, Plaintiff and his counsel discussed the agreement before Plaintiff entered into it.  Under the circumstances it is difficult to conclude that Plaintiff was coerced into entering into the agreement.  Moreover, Plaintiff's assertion that his attorney failed to properly represent him may, as the Government points out, provide Plaintiff with a cause of action against the attorney but it does not provide a basis for pursuing his claims against the SSA in this court.  Finally, Plaintiff's breach of contract claim is without merit.  Clearly Plaintiff's health insurance coverage is not part of the settlement agreement.

Plaintiff failed to comply with the procedures set forth in 29 C.F.R.§ 1614.504.  He took his case to the Commission before he had exhausted the required steps in the administrative process.  Plaintiff did ultimately request reinstatement of his claims, but he did not do so in compliance with § 1614.504.  The request was made to the EEOC, not the SSA.  Sovereign immunity is waived only when administrative remedies have been exhausted in accordance with § 1614.504.  42 U.S.C. §§ 2000e-16(d), 2000e-5(f)-(k); 29 U.S.C. § 794a(a)(1); *Irwin v. Dep't of Vet. Affairs*, 498 U.S. at 93-94 (1990); *see also Frahm*, 492 F.3d at 262-63 (4th Cir. 2007); *Lindstrom v. United States*, 510 F.3d 1191, 1194 (10th Cir. 2007).  As a result, this Court lacks

jurisdiction over Plaintiff's claims.

### C.   Counts I, III, and IV Fail to State a Claim

Counts I, III, and IV of the Complaint seek declaratory judgments. (Compl. ¶¶ 14-19.) However, none of the statutes or regulations cited by the Plaintiff provide a private cause of action. Moreover, the Declaratory Judgment Act does not confer subject matter jurisdiction or expand the jurisdiction of federal courts. 28 U.S.C. §§ 2201-02.

In Count I of the Complaint, Plaintiff cites 5 U.S.C. §§ 3161, 3301-02 and seeks a declaratory judgment entitling him to a full two years of employment as a Claims Authorizer for the SSA. (Compl. ¶ 14.) The cited statutes establish the President's authority to establish a civil service and the employment authority for temporary organizations. They do not provide a private cause of action. 5 U.S.C. §§ 3161, 3301-02.

In Count III, Plaintiff seeks a declaratory judgment under 5 C.F.R. § 2634.701 asserting that the SSA prepared a false notice of termination by listing 5 C.F.R. § 315.804 as the authority for Plaintiff's termination. (Compl. ¶ 17.) Under § 2634.701, the Attorney General may bring a civil suit against any individual that willingly falsified a report. However, there is no private cause of action under this regulation. *Id*. § 2634.701.

In Count IV, Plaintiff seeks a declaration that the SSA conspired with OVR to reestablish his disability as anxiety as opposed to a lower lumbar injury in order to defraud him of his settlement in violation of 18 U.S.C. § 371. (Compl. ¶ 18.) The statute cited by the Plaintiff is a criminal statute and provides no private cause of action. 18 U.S.C. § 371.

For the foregoing reasons, Counts I, III, and IV are dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motions will be granted.

An appropriate Order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.